UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05671-CAS(Ex) | Date | October 18, 2016 |
|---|---|---|---|
| Title | RANDALL MILLER v. KOWA AMERICAN CORP. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Michael Faber<br>Michael Rhames | John Lilly<br>Daniel Gonzalez |

**Proceedings:**    PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANT'S EXPERT (Dkt. 39, filed September 17, 2016)

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S ECONOMIC DAMAGES (Dkt. 42, filed September 19, 2016)

DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY FROM KAI CLARKE AND REID ANTHONY (Dkt. 43, filed September 19, 2016)

DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE THAT SHIMIZU WORKED FOR KAC OR KCL (Dkt. 44, filed September 19, 2016)

DEFENDANT'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE REGARDING THE INTEGRATED ENTERPRISE THEORY (Dkt. 45, filed September 19, 2016)

## I. INTRODUCTION

On May 12, 2015, Randall Miller ("plaintiff") filed the instant action in Los Angeles Superior Court against KOWA American Corp. ("KAC" or "defendant"). Ex. 1, Dkt. 2. On July 27, 2015, defendant timely removed this case to federal court, asserting diversity jurisdiction. Dkt 1. The operative First Amended Complaint ("FAC") was filed on January 12, 2016, and asserts five claims against defendant: (1) sexual harassment in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05671-CAS(Ex) | Date | October 18, 2016 |
| Title | RANDALL MILLER v. KOWA AMERICAN CORP. | | |

violation of public policy, pursuant to Cal. Gov. Code § 12940; (2) failure to prevent sexual harassment; (3) retaliation; (4) constructive wrongful termination; and (5) battery. In addition to other damages, plaintiff seeks punitive damages. FAC ¶ 12.

Plaintiff was employed by Kowa Optimed, Inc. ("KOMI") in December 2013. Dkt. 22-2. Plaintiff first joined KOMI on or about July 17, 2013. Id. On October 1, 2014, KOMI merged into KAC, which continued to employ plaintiff as a National Sales Manager whose salary included commissions from sales. Id. Defendant, KAC, is affiliated with Kowa Company Ltd. ("KCL"). The parties dispute the nature of the relationship between these two corporate entities.

Plaintiff's claims derive from a December 2013 incident in Japan wherein Atsuteru Shimizu repeatedly grabbed plaintiff's genitals. Plaintiff complained to KAC about the unwelcome touching and KAC allegedly retaliated against plaintiff for his complaint. The parties dispute whether or not Shimizu was then an employee of KAC or both KAC and KCL (or neither).

On June, 29, 2016, defendant filed a motion for summary judgment or, in the alternative, partial summary judgment, regarding all of plaintiff's claims and alleged entitlement to punitive damages. Dkt. 22. Plaintiff filed his opposition to the motion on July 22, 2016, dkts. 28–29, and defendant filed a reply on August 1, 2016, dkt. 30.

On August 22, 2016, the Court ruled on defendant's motion for summary judgment. Dkt. 36 ("Order"). The Court denied defendant's motion for summary judgment on plaintiff's harassment claim for two reasons. Id. at 10. First, the Court concluded that a material issue of disputed fact exists as to whether KAC and KCL were a single enterprise and, therefore, whether Shimizu was employed by KAC. Id. at 8. Second, the Court concluded that a material issue of disputed fact exists as to whether Shimizu's conduct could, standing alone, create a hostile work environment. Id. at 10. The Court also denied defendant's motion for summary judgment on plaintiff's claims for failure to prevent sexual harassment, retaliation, and constructive termination. Id. at 11, 15, 17. The Court granted summary judgment with respect to plaintiff's battery claim. Id. at 17. Lastly, the Court denied defendant's motion for summary judgment on plaintiff's ability to seek putative damages. Id. at 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05671-CAS(Ex) | Date | October 18, 2016 |
|---|---|---|---|
| Title | RANDALL MILLER v. KOWA AMERICAN CORP. | | |

On September 17, 2016 plaintiff filed one motion in limine. Dkt. 39 ("Miller MIL"). Defendant filed its opposition on September 26, 2016. Dkt. 53 ("KAC Opp'n"). On September 19, 2016, defendant filed four motions in limine. Dkts. 42–45. On September 24, 2016, plaintiff filed his non-opposition to defendant's first motion and his oppositions to defendants' three other motions in limine. Dkts. 46–49.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A motion in limine is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." Goodman v. Las Vegas Metro. Police Dep't, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013). Trial courts have broad discretion when ruling on such motions. See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002). Moreover, such rulings are provisional and "not binding on the trial judge" on the court. Ohler v. United States, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## III. DISCUSSION

### A. Plaintiff's Motion in Limine No. 1 to Exclude Defendant's Expert Mark Lipian

In his motion in limine, plaintiff asks that the Court exclude defendant's expert Dr. Mark Lipian. Miller MIL. Dr. Lipian is a rebuttal expert to plaintiff's expert, Dr. Annelie S. Purdy, plaintiff's therapist. Id. at 3. Plaintiff designated Dr. Purdy as an expert in August 2016. Id.; KOWA Opp'n at 1.

Plaintiff argues that defendant failed to provide a written report from Dr. Lipian, as is required by Federal Rule of Civil Procedure 26(a)(2)(B). Miller MIL at 3. As a result, plaintiff avers that he will be harmed by having to learn Dr. Lipian's opinions for the first time during his direct examination at trial. Id. at 4. Plaintiff contends that he disclosed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:15-cv-05671-CAS(Ex) | Date | October 18, 2016 |
|---|---|---|---|
| Title | RANDALL MILLER v. KOWA AMERICAN CORP. | | |

his treatment by Dr. Purdy, including records and reports, on October 7, 2015 and that defendant has not yet taken a deposition of Dr. Purdy. Id. at 3.

Defendant contends that, on September 16, 2016, defendant informed plaintiff that it would provide a report from Dr. Lipian after defendant deposes Dr. Purdy on September 30, 2016. KAC Opp'n at 2.

At oral argument, on October 17, 2016, plaintiff's counsel stated that he received Dr. Lipian's report earlier that day. Having heard oral argument, the Court declines to exclude Dr. Lipian or his report from trial provided that plaintiff is given fair opportunity, as stated on the record, to depose Dr. Lipian before trial.

### B. Defendant's Motion in Limine No. 1 to Exclude Evidence of Plaintiff's Economic Damages.

In its first motion in limine, defendant ask the Court to exclude evidence of plaintiff's alleged economic damages. Dkt. 43. Defendant argues that economic damages are unavailable because it alleges that plaintiff failed to satisfy his duty to mitigate damages after separating from employment with KAC and that plaintiff committed a terminable offense in his application for employment with KAC. Id.

Plaintiff does not oppose this motion, and the Court therefore **GRANTS** the government's unopposed motion in limine.

### C. Defendant's Motion in Limine No. 2 to Exclude Testimony from Kai Clarke and Reid Anthony

In its second motion in limine, defendant asks the Court to exclude testimony from Kai Clarke and Reid Anthony as to the terms and conditions of Clarke and Anthony's employment with KAC. Dkt. 43. Clarke was president of KOMI when plaintiff began his employment. Id. at 2. Anthony later became president of KAC and KOMI. Id.

Defendant avers that plaintiff will use the terms and conditions of Clarke and Anthony's employment to support plaintiff's theory that KAC and KCL are an integrated enterprise. Id. at 4. Defendant argues that this evidence should be excluded as irrelevant for three reasons: (1) neither Clarke nor Anthony is the plaintiff in this case; (2) Clarke

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05671-CAS(Ex) | Date | October 18, 2016 |
|---|---|---|---|
| Title | RANDALL MILLER v. KOWA AMERICAN CORP. | | |

was not employed by KAC when plaintiff was allegedly harassed or when KAC addressed plaintiff's complaint; and (3) exclusion of such evidence will not prejudice plaintiff because plaintiff and KAC's human resource manager can testify as to who plaintiff dealt with regarding the terms and conditions of plaintiff's employment. Id. at 5. Defendant also argues that evidence of the terms and conditions of Clarke and Anthony's employment would unduly prejudice KAC because such evidence would suggest that plaintiff was subjected to the same terms and conditions of employment. Id. at 6.

     In opposition, plaintiff argues that Clarke and Anthony's testimony is "quite relevant" to the question of whether KAC and KCL are integrated enterprises. Dkt. 47. As the Court noted in its August 22, 2016 order, Clarke testified during his deposition that KCL had "100 percent" authority over the way KOMI operated its business. Clarke Depo., pg. 13:24–14:18. Clarke referred to KCL as "Kowa Japan." Id. at 10:22–24. Clarke further stated that he understood himself to be an employee of both KCL and KOMI, despite holding a title as President of KOMI. Id. at 12:2–3. Anthony replaced Clarke as president of KAC after its merger with KOMI. During his deposition, Anthony acknowledged his understanding that bonuses and raises for KAC employees required approval from KCL. Anthony Depo., pg. 96:14–97:22.

     The Court agrees with plaintiff and addresses defendant's arguments in turn.

     Clarke and Anthony's testimony is relevant to the question of whether KAC and KCL should be treated as a single employer. See Laird v. Capital Cities/ABC, Inc., 68 Cal. App. 4th 727, 737 (1998) (setting out a four-factor test for determining whether two entities may be considered an integrated enterprise). That Clark and Anthony are not plaintiffs in the case has no effect on whether their testimony can show: (1) the extent the corporations' operations interrelate, (2) whether the corporations share common management, (3) whether there is centralized control of labor relations, and (4) whether the corporations are under common ownership or financial control. See id. These factors are not specific to plaintiff; rather, they hold true for all employees of KAC and KCL. The fact that Clarke was not employed by KAC when plaintiff was allegedly harassed or when KAC addressed plaintiff's complaint goes to the weight of Clarke's testimony, but does not make Clarke's description of the relationship between KAC and KCL irrelevant. Furthermore, the Court finds that exclusion of Clarke and Anthony's testimony *would* prejudice plaintiff, because Clarke and Anthony, as company executives, can speak to the interrelation, common management, centralized control, and ownership of KAC and KCL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05671-CAS(Ex) | Date | October 18, 2016 |
|---|---|---|---|
| Title | RANDALL MILLER v. KOWA AMERICAN CORP. | | |

far more knowledgeably than could plaintiff or a human resources manager. Lastly, the Court concludes that Clarke and Anthony's testimony is not likely to mislead the jury.

Accordingly, defendant's motion in limine no. 2 is **DENIED**.

### D. Defendant's Motion in Limine No. 3 to Exclude Evidence that Shimizu worked for KAC or KCL

In its third motion in limine, defendant asks the Court to exclude evidence that Shimizu worked for KAC or KCL because (1) Shimizu and KCL are not defendants in the case, (2) none of the witnesses in the case are KCL employees, and (3) the parties do not dispute that Shimizu was not a KAC employee. Dkt. 44. Specifically, defendant seeks to exclude evidence found in the deposition of Leigh Reagan, KAC human resources manager. Dkt. 44 at 1 n.1. Defendant argues that Reagan, a KAC employee, did not have sufficient knowledge of KCL to confirm whether Shimizu was a KCL employee. Id. at 3.

Plaintiff first argues that Shimizu *was* an employee of KCL. Dkt. 48 at 1. Plaintiff contends that Reagan's testimony is relevant in showing that Shimizu was the harasser and that Shimizu was a manager at KCL. Id. Plaintiff further argues that Reagan's statements are admissible under Federal Rule of Evidence 801(d)(2) as an authorized admission. Id.

The Court agrees with plaintiff. In her deposition, Reagan affirmed that she wrote a memorandum to the KAC president that stated: "What is clear is that a manager from Kowa Co., Ltd. (possibly Mr. Shimizu) was behaving inappropriately with some of our employees during a night drinking last December." See dkt. 34-4 at 56:3–12. Such evidence is clearly relevant to whether Shimizu worked for KCL. As plaintiff points out, defendant's argument that Reagan, as a KAC employee, lacks sufficient knowledge of KCL depends on a finding that KAC and KCL were not an integrated enterprise. However, the Court has already concluded that whether KAC and KCL were a single enterprise is a material issue of disputed fact. Order at 8. "[M]otions in limine should not be used as disguised motions for summary judgment." Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., No. 08-cv-8525-PSG-PJW, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05671-CAS(Ex) | Date | October 18, 2016 |
| Title | RANDALL MILLER v. KOWA AMERICAN CORP. | | |

Accordingly, defendant's motion in limine no. 3 is **DENIED**.

### E. Defendant's Motion in Limine No. 4 to Exclude Evidence Regarding the Integrated Enterprise Theory

In its fourth motion in limine, defendant asks the Court to exclude evidence that KAC and KCL should be considered a single employer under the integrated enterprise theory. Dkt. 45. Defendant argues that this evidence should be excluded for three reasons: (1) the integrated enterprise theory applies only to discrimination claims, not to claims of harassment; (2) the integrated enterprise test has only been used by employees of a subsidiary corporation to impugn liability on a parent corporation, not the other way around, and (3) KAC and KCL are not an integrated enterprise. Id. at 1.

First, it is not the case that the integrated enterprise theory applies only to discrimination claims. See, e.g., Nowick v. Gammell, 351 F. Supp. 2d 1025, 1034 (D. Haw. 2004) (applying the integrated enterprise test in a sexual harassment case). Second, the integrated enterprise test does not address which company in a parent-subsidiary relationship may be liable, but instead determines whether two companies should be treated as a single employer. See Anderson v. Pac. Mar. Ass'n, 336 F.3d 924, 928 (9th Cir. 2003) ("The [integrated enterprise] test does not determine joint *liability* . . . , but instead determines whether a defendant *can meet the statutory criteria* of an 'employer' for Title VII applicability."). Lastly, defendant's fourth motion in limine is "nothing more than a stealth summary judgment motion" that the Court will not entertain. Valdovinos v. Cty. of Los Angeles, No. 06-cv7580-JVS-SHX, 2008 WL 2872648, at *2 (C.D. Cal. July 23, 2008).

Accordingly, defendant's motion in limine no. 4 is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05671-CAS(Ex) | Date | October 18, 2016 |
| Title | RANDALL MILLER v. KOWA AMERICAN CORP. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion in limine. Defendant's first motion in limine is **GRANTED**. Defendant's second, third, and fourth motions in limine are **DENIED**.

IT IS SO ORDERED.

|  |  | 00 | : | 20 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |